**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **TANNIA VINDEL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **No. 09 CV 4292** |
| v. ) | |
| ) | |
| **MEDLINE INDUSTRIES, INC.** ) | **Judge Joan H. Lefkow** |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Tannia Vindel ("Vindel") filed her first amended complaint, *pro se*, against Medline

Industries, Inc. ("Medline") on March 13, 2010.  Vindel's first amended complaint asserts claims

for employment discrimination on the basis of national origin and race under Title VII of the

Civil Rights Act of 1964 and the Civil Rights Act of 1981 (42 U.S.C. § 1981), retaliation

because Vindel asserted her rights protected by the aforementioned statutes, and discrimination

on the basis of her assertion of rights under the Family and Medical Leave Act ("FMLA").[1]

Before this court is Medline's motion to dismiss Vindel's national origin and race

discrimination claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2]  For

the following reasons, Medline's motion will be granted in part and denied in part.

---

[1] Vindel's original complaint also asserted an employment discrimination claim on the basis of sex against Medline.  This claim, however, is not included in the first amended complaint.

[2] The court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4).  Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because the events giving rise to Vindel's claims occurred in this District.

# BACKGROUND

The following facts are taken from the first amended complaint and are presumed true for the purpose of resolving the pending motion.

Medline hired Vindel as an assembly line worker in January of 2000. During her tenure at Medline, Vindel filed five Equal Employment Opportunity Commission ("EEOC") charges against the company. She filed her first two EEOC charges in 2001 and 2004 and filed her third charge, which alleged retaliation, in 2007.[3] After Vindel filed her third EEOC charge, she was harassed by her co-workers at Medline. Vindel complained about the harassment to her supervisors but her supervisors "did nothing." Vindel's supervisors then forced her to "work all over the factory" and ordered her to drive a forklift while other non-Honduran employees were not required to do so.

On January 15, 2009, Vindel filed a fourth EEOC charge, again alleging retaliation.[4] The particulars of the charge are as follows:

> I began my employment with Respondent in January 2000. I am employed as an Assembly Worker. In October 2007, I filed an EEOC charge . . . . Subsequently, I have been subjected to discipline and threats of discharge. I believe that I have been retaliated against for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

The EEOC issued a notice of right to sue on April 20, 2009.

---

[3] Vindel's first amended complaint does not explain the substance or the outcome of the charges that she filed in 2001 and 2004. Nor has she submitted the 2001, 2004, or 2007 charges to the court. Medline, in its motion to dismiss, asserts that all three charges alleged retaliation and were resolved through three separate mediations. Vindel does not dispute Medline's assertions in her response to its motion to dismiss.

[4] Vindel submitted the January 2009 EEOC charge, as well the charge filed in February 2009, with her original complaint. The court may take judicial notice of these public documents without converting Medline's motion to dismiss into a motion for summary judgment. *See Henson* v. *CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

In February 2009, Vindel took a leave of absence from Medline to have surgery, as allowed under the FMLA. Vindel returned to work on February 23, 2009 and was fired on February 25, 2009 in retaliation for having requested and taken FMLA leave.

On February 26, 2009, Vindel filed another EEOC charge alleging discrimination based on retaliation. The particulars of the charge state that Vindel was discharged subsequent to having filed a "charge of discrimination" in January 2009. The charge states, in relevant part: "Similarly situated employees who did not file EEOC charges of discrimination were not discharged. I believe that I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as Amended." The EEOC issued a notice of right to sue on April 20, 2009.

## LEGAL STANDARD

Failure to file the proper EEOC charge is properly raised in a motion to dismiss for failure to state a claim, not as a motion to dismiss for lack of subject matter jurisdiction. *See Cheek v. W. & Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994). Because Medline's motion asserts that Vindel's claims should be dismissed solely because she failed to exhaust administrative remedies, the court will consider Medline's motion according to the legal standard for a Rule 12(b)(6) motion to dismiss.

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002). In order to survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of the claim's basis, but must also establish that the requested

relief is plausible on its face. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). At the same time, the plaintiff need not plead legal theories. *Hatmaker v. Mem'l Med. Ctr.*, --- F.3d ----, 2010 WL 3385191, at *1 (7th Cir. Aug. 30, 2010). Rather, it is the facts that count. In addition, complaints filed by *pro se* litigants "are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers." *McCormick v. Chicago*, 230 F.3d 319, 325 (7th Cir. 2000); *see also Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed.2d 1081 (2007).

## DISCUSSION

### I.     Title VII Claims for Race and National Origin Discrimination

In order to bring a Title VII claim, a plaintiff must first file her claims in an EEOC charge and must receive a right to sue notice from the EEOC. *See, e.g. Alexander v. Garden-Denver Co.*, 415 U.S. 36, 46, 94 S. Ct. 1011, 39 L. Ed. 3d 147 (1974); *Cheek,* 31 F.3d at 500; *Conner v. Ill. Dep't of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005). A plaintiff may proceed on a claim not explicitly set forth in a charge of discrimination "'if the claim is like or reasonably related to the EEOC charges,' and the claim in the complaint 'reasonably [could] be expected to grow out of an EEOC investigation of the charge.'" *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 551 (7th Cir. 2002) (quoting *Harper v. Godfrey Co.*, 45 F.3d 143, 148 (7th Cir. 1995)). "At minimum, [these claims must] describe the same conduct and implicate the same individuals." *Id.* (quoting *Harper*, 45 F.3d at 148). In the instant case, where neither race nor national origin discrimination were mentioned in Vindel's charges to the EEOC, Vindel has failed to satisfy the prerequisite of asserting a discrimination charge before the EEOC.

4

Vindel does not assert that she received a notice of right to sue with respect to her first three EEOC charges, filed in 2001, 2004, and 2007. Medline, for its part, asserts that these charges were resolved through mediation and Vindel does not dispute this assertion. Therefore the court need only determine whether Vindel's claims for national origin and race discrimination are reasonably related to the allegations in her January and February 2009 EEOC charges, for which she did receive right to sue notices. *See Peters*, 307 F.3d at 551.

In her response to Medline's motion to dismiss, Vindel concedes that she "did not allege [discrimination] claims in her EEOC charges." The court agrees. Vindel did not check the boxes on the EEOC charge forms that indicate allegations of "race" or "national origin" discrimination, and the facts alleged in the January and February 2009 EEOC charges do not provide the foundation for a discrimination claim. Although the February 2009 EEOC charge states that Vindel "filed an EEOC charge *of discrimination* (440-2009-02023) on January 15, 2009," the copy of the January 2009 charge that Vindel submitted with her original complaint shows that the January 2009 charge alleged only discrimination based on retaliation, not discrimination based on race or national origin.

"An aggrieved employee may not complain to the EEOC of only certain instances of discrimination and then seek judicial relief for different instances of discrimination." *Rush v. McDonalds Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992); *see also Graham v. AT & T Mobility, LLC*, 247 F. App'x. 26, 29 (7th Cir. 2007) (where plaintiff checked only the "retaliation" box on EEOC charge form, district court properly dismissed claim for discrimination). Accordingly, Vindel's race discrimination claim falls outside the scope of her EEOC charges and her Title VII claims for race and national origin discrimination will be dismissed.

## II.    Claims Brought Under 42 U.S.C. § 1981

Medline's motion asserts that Vindel's race and national origin claims, which are asserted pursuant to both Title VII and 42 U.S.C. § 1981, should be dismissed in their entirety because Vindel did not fulfill the prerequisites for bringing a Title VII claim.  Section 1981 and Title VII are separate claims, however.[5]  *See, e.g. Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 538-39 (7th Cir. 2007); *Waters v. Wis. Steel Works of Int'l Harvester Co.*, 502 F.2d 1309, 1315 (7th Cir. 1974).  "[A] 1981 claim is available regardless of whether one has pursued his Title VII administrative remedies."  *Jenkins v. Blue Cross Mutual Hosp. Ins.*, 538 F.2d 164, 166 (7th Cir. 1976) (citing *Waters*, 502 F.2d at 1315).  To state a claim for employment discrimination, Vindel "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of" her race and national origin.  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008); *see also Equal Opportunity Comm'n v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781-82 (7th Cir. 2007).

Vindel's first amended complaint sufficiently states a claim for relief for discrimination under § 1981.  First, Vindel states that she is Honduran, and therefore she is a member of a minority racial group.  *See St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613, 107 S. Ct. 2022, 95 L. Ed. 2d 582 (1987) ("Based on the history of § 1981, we have little trouble in concluding that Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic

---

[5] 42 U.S.C. § 1981 states, "All persons within the jurisdiction of the United States shall have the same right in every State and territory to make and enforce contracts, to sue, be parties, give evidence and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind and to no other."

characteristics.")  Second, Vindel alleges that Medline discriminated against her when she was "forced to drive the forklift while other non-Honduran employees were not required to do so." She further asserts that she was "required to work all over the factory."  From these facts, the inference that Medline discriminated against Vindel on the basis of her race is "plausible on its face."  *Twombly,* 550 U.S. at 570; *see also Iqbal*, 129 S. Ct. at 1949 (emphasizing that the plausibility standard is not a "probability requirement" (quoting *Twombly*, 550 U.S. at 556)). Finally, Vindel's complaint makes clear that Medline's discrimination occurred within the scope of her employment with Medline.  *See* 42 U.S.C. § 1981(b) (the term "make and enforce contracts" in § 1981 "includes the making performance . . . and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship"); *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 316 n.2, 114 S. Ct. 1510, 128 L. Ed. 2d 274 (1994).

Thus, Vindel's complaint alleges the type of discrimination that occurred (race and national origin), by whom (Medline), and when (while employed at Medline Industries).  This is all that she needed to plead in the complaint.  *See Sierkiewscz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).  Medline was sufficiently on "notice of what the . . . claim is and the grounds upon which it rests."  *Erickson,* 551 U.S. at 93.  As a result, Medline's motion will be denied to the extent it seeks dismissal of Vindel's § 1981 claim for race and national origin discrimination.

## CONCLUSION AND ORDER

For the foregoing reasons, Medline's motion to dismiss [#35] is granted in part and denied in part. Vindel's national origin and race discrimination claims under Title VII are dismissed with prejudice. Medline has fourteen days to answer the complaint.


Dated: November 4, 2010        Enter: _____

                               JOAN HUMPHREY LEFKOW
                               United States District Judge